UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:23-cv-80911-CANNON

ESTATE OF RICO MARLES, by and
through Brenda Leila Marles; BRENDA
LEIGH MARLES, individually,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.
_____/

**DEFENDANT UNITED STATES OF AMERICA'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

      Defendant, the United States of America, by and through the undersigned Assistant United States Attorney, submits the following Answer and Affirmative Defenses to Plaintiffs' "First Amended Complaint for Damages: Wrongful Death and Negligent Infliction of Emotional Distress" [D.E. 9] (the "Complaint"), and states as follows:

      1.    Defendant admits Plaintiff purports to bring a claim against the United States, but Defendant denies Plaintiffs are entitled to the relief claimed or damages sought.

      2.    Defendant admits Rico Marles was 29 years old when he died on January 19, 2021. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 2 of the Complaint, and therefore denies same.

      3.    Defendant denies the allegations and legal conclusions in paragraph 3 of the Complaint.

4.      Defendant admits Plaintiffs purport to bring a claim for damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2676 *et seq.* ("FTCA"), but Defendant denies Plaintiffs are entitled to the relief claimed or damages sought.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 5 of the Complaint, and therefore denies same.

6.      Defendant admits Plaintiff purports to refer to state court orders attached as Exhibits A and B to the Complaint, which speak for themselves, and Defendant denies any allegation or legal conclusion in paragraph 6 of the Complaint inconsistent therewith.

7.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 7 of the Complaint, and therefore denies same.

8.      Defendant admits that the United States of America is the only named defendant authorized by the FTCA. Defendant denies the remaining allegations and legal conclusions in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      The allegations contained in paragraph 9 of the Complaint contain conclusions of law to which no response is required.

10.     Defendant admits venue in this District appears proper, but denies any remaining allegation or legal conclusion in paragraph 10 of the Complaint.

11.     Defendant admits venue in this District appears proper, but denies any remaining allegation or legal conclusion in paragraph 11 of the Complaint.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. The allegations of paragraph 12 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiffs submitted to the Department of Veterans Affairs ("VA") a Standard Form 95 Claim for Damage, Injury, or Death signed by Brenda Leigh Marles on November 14, 2022 (hereinafter, the "Administrative Claim"). In further answering, Defendant admits Plaintiffs' filed the instant litigation before the VA could make a final decision on the Administrative Claim. Since the filing of this action, the VA denied the Administrative Claim by letter dated August 15, 2023, sent to counsel for Plaintiffs (the "Denial"). (A true and correct copy of the Denial is attached hereto as **Exhibit 1**).

13. Defendant admits Plaintiff purports to refer to a letter from the VA attached to their Complaint as Exhibit C, which speaks for itself and Defendant denies any allegation or legal conclusions in paragraph 13 of the Complaint inconsistent therewith.

14. Defendant admits that Ms. Clark did not interview Plaintiff and did not request additional time to research the claim. Defendant denies that Ms. Clark "never made any attempt to settle the Claim." By way of further response, Defendant requested records from Plaintiffs' attorney multiple times and did not receive the requested records. The remaining allegations of paragraph 14 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and legal conclusions in paragraph 14 of the Complaint.

### STATEMENT OF FACTS

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 16 of the Complaint, and therefore denies same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 17 of the Complaint, and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 18 of the Complaint, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 19 of the Complaint, and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 20 of the Complaint, and therefore denies same.

21. Defendant admits in Fall 2020, and in response to Rico Marles's application for additional VA benefits, the VA exampled and assigned to Rico Marles a 50% service connection/rating disability for post-traumatic stress disorder ("PTSD"). Due to several other complaints[1], Rico Marles was deemed to have 100% service connection rating/disability. Defendant denies the remaining allegations and legal conclusions in paragraph 21 of the Complaint.

22. Defendant admits Rico Marles came to the emergency department at WPB VAMC on January 15, 2021. Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 23 of the Complaint, and therefore denies same.

---

[1] Rico Marles remaining disability ratings are as follows: Migraine Headaches (50%); Limited Motion Of Arm (40%); Irritable Colon (30%); Limited Motion Of Arm (30%); Knee Condition (20%); Limited Extension Of Knee (20%); Dermatophytosis (10%); Chest Muscle Impairment (10%); Eczema (10%); Tinnitus (10%); Limited Flexion Of Knee (10%)

24. Defendant admits Rico Marles did not consult with a "mental health provider" while being treated in the emergency department at WPB VAMC on January 15, 2021, despite being directed to Unit 1C within the WPB VAMC for a mental health evaluation. Defendant admits Plaintiff purports to refer to a VHA Directive that is not attached to the Complaint, and therefore denies same and states that the VHA Directive speaks for itself.

25. Defendant denies the allegation of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant admits that on or about January 18, 2021, Rico Marles visited the emergency department at WPB VAMC. Defendant denies the remaining allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of to comments Rico Marles made to Brenda Marles, and therefore denies same. Defendant admits that Rico Marles denied anxiety, but denies any remaining allegations in paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 33 of the Complaint, and therefore denies same.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 34 of the Complaint, and therefore denies same.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 35 of the Complaint, and therefore denies same.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 36 of the Complaint, and therefore denies same.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 37 of the Complaint, and therefore denies same.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 38 of the Complaint, and therefore denies same.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 39 of the Complaint, and therefore denies same.

40. Defendant admits that on October 19, 2021, Plaintiff, Brenda Leigh Marles attended an Institutional Disclosure of Adverse Event at WPB VAMC.  In further answering, Defendant admits Plaintiffs purports to quote a VHA Directive, but do not attach a copy to the Complaint, therefore Defendant denies the remaining allegation in paragraph 40 of the Complaint, and states that the VHA Directive speaks for itself.

41. Defendant admits Plaintiffs purport to quote a VHA Directive, but Plaintiffs do not attach a copy to the Complaint, therefore Defendant denies the remaining allegation in paragraph 40 of the Complaint, and states that the VHA Directive speaks for itself.

42. Defendant admits Plaintiffs purport to quote a VHA Directive, but do not attach a copy to the Complaint, therefore Defendant denies the allegation and states that the VHA Directive speaks for itself.

43. Defendant admits the individuals identified in paragraph 43 of the Complaint were present at the Institutional Disclosure of Adverse Event meeting held on October 29, 2021

(the "Disclosure Meeting").  In further answering, Defendant states additional parties were present, including an attorney by the name of Brook Nattkemper (present at request of Plaintiff, Brenda Leigh Marles), and VA employees: Dr. Eknath Naik.  April Shelt and Denise Voth, Sean Martin, Barbara Williams, and Sean Martin.

44.     Defendant admits there is a note in Rico Marles WPB VAMC medical records for the Disclosure Meeting, which speaks for itself.  Defendant denies any remaining allegations or legal conclusions in paragraph 44 of the Complaint.  In further answering, Defendant notes that any alleged statements made during the Disclosure are not an admission of liability binding on Defendant.

45.     Defendant admits the note in Rico Marles's WPB VAMC medical records concerning the Disclosure Meeting speaks for itself, and Defendant denies any allegation or legal conclusion in paragraph 45 of the Complaint inconsistent therewith. In further answering, Defendant notes that any alleged statements made during the Disclosure are not an admission of liability binding on Defendant.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 46 of the Complaint, and therefore denies same.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 47 of the Complaint, and therefore denies same. In further answering, Defendant notes that any alleged statements made during the Disclosure are not an admission of liability binding on Defendant.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 48 of the Complaint, and therefore denies same. In further

answering, Defendant notes that any alleged statements made during the Disclosure are not an admission of liability binding on Defendant.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 49 of the Complaint, and therefore denies same. In further answering, Defendant notes that any alleged statements made during the Disclosure are not an admission of liability binding on Defendant.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 50 of the Complaint, and therefore denies same.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 51 of the Complaint, and therefore denies same. In further answering, Defendant notes that any representation made during the Disclosure is not an admission of liability.

52. Defendant admits Plaintiff, Brenda Leigh Marles, was given copies of administrative claim process paperwork, which is the standard procedure for institutional disclosure meetings at WPB VAMC, like the Disclosure Meeting Plaintiff attended. Defendant denies any remaining allegation or legal conclusion in paragraph 52 of the Complaint.

## FIRST CLAIM FOR RELIEF
## (WRONGFUL DEATH)

53. Defendant incorporates its responses to paragraphs 1 through 52 as though fully restated herein.

54. Defendant admits it has a duty to provide medical services that meet the applicable standard of care. Defendant denies it breached any relevant standard of care in its treatment of Rico Marles on January 15, 2021 and January 18, 2021. Defendant denies any

remaining allegation or legal conclusion in paragraph 54 of the Complaint (including all sub-parts (a) through (j)).

55. Defendant denies the allegations and legal conclusions in paragraph 55 of the Complaint.

56. Defendant admits Plaintiffs purport to cite section 768.21, Florida Statutes, which speaks for itself, and Defendant denies any allegation or legal conclusion in paragraph 56 of the Complaint inconsistent therewith. In further answering, Defendant denies Plaintiffs have stated a claim entitling them to damages or any other relief.

57. Defendant admits Plaintiffs purport to cite section 768.21, Florida Statutes, which speaks for itself, and Defendant denies any allegation or legal conclusion in paragraph 57 of the Complaint inconsistent therewith. In further answering, Defendant denies Plaintiffs have stated a claim entitling them to damages or any other relief.

**SECOND CLAIM FOR RELIEF**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

58. Defendant reincorporates its answers to paragraphs 1 through 52 of the Complaint as though restated fully herein.

59. Defendant admits it has a duty to provide medical services that meet the applicable standard of care. Defendant denies that on January 15, 2021 and January 18, 2021, it failed to provide Rico Marles with medical services that met the standard of care.

60. Defendant denies it breached the applicable standard of care for the medical services provided to Rico Marles on January 15, 2021 and January 18, 2021. Defendant denies any remaining allegation or legal conclusion in paragraph 60 of the Complaint (including all sub-parts (a) through (j)).

61. Defendant denies it breached the applicable standard of care as it relates to medical services provided to Rico Marles on January 15, 2021 and January 18, 2021. Defendant further denies any proximate result between the treatment it provided Rico Marles on January 15, 2021 and January 18, 2021, and his suicide on January 19, 2021.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 62 of the Complaint, and therefore denies same.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 63 of the Complaint, and therefore denies same.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations in paragraph 64 of the Complaint, and therefore denies same.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations and legal conclusions in paragraph 65 of the Complaint, and therefore denies same.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations and legal conclusions in paragraph 66 of the Complaint, and therefore denies same.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of to the allegations and legal conclusions in paragraph 67 of the Complaint, and therefore denies same.

68. Defendant admits Plaintiffs purport to bring a claim for negligent infliction of emotional distress, but Defendant denies Plaintiffs have stated a claim for relief entitling them to damages or any other relief sought. Defendant denies any remaining allegations or legal conclusions in paragraph 68 of the Complaint.

**RELIEF REQUESTED**

69. Defendant denies the allegations and legal conclusions in the Wherefore Clause found in paragraph 69 of the Complaint, and further denies that Plaintiff is entitled to the relief requested.

**GENERAL DENIAL**

Defendant hereby denies all allegations of the Complaint not herein above otherwise answered.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant states the following defenses or avoidances to Plaintiffs' Complaint, without assuming the burden of proof of any such defense that would otherwise rest on Plaintiffs, and reserving the right to amend and/or supplement its responses to Plaintiffs' allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

**First Affirmative Defense**

The Federal Tort Claims Act discretionary function exception, 28 U.S.C. § 2680(a), bars Plaintiffs' claims and this Court lacks subject matter jurisdiction over Plaintiffs' claims.

**Second Affirmative Defense**

In the event that Defendant is found negligent, which negligence is expressly denied, Defendant is entitled to apportionment pursuant to statutory and case law to include *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1983) and its progeny, and pursuant to section 768.81, Florida Statutes. Upon information and belief, Rico Marles saw multiple private doctors outside of the VA, including mental health providers. Upon information and belief, these private health providers also prescribed medications to Rico Marles which were not disclosed to Defendant.

Despite requesting these records during the administrative process, Plaintiffs failed to provide this information. Once discovery commences, Defendant will amend its pleading or provide separate notice to supplement this Affirmative Defense in this case to name any other responsible individuals or entities.

**Third Affirmative Defense**

Defendant is not legally responsible under the FTCA for any non-employee, including agents, whether actual, apparent, or implied agents.  Defendant United States is not liable in tort for third parties, acts of independent contractors, or employees of independent contractors, under 28 U.S.C. § 1346(b).

**Fourth Affirmative Defense**

Plaintiffs' claims for damages are barred or should be reduced based on lack of proximate cause between any of the events as alleged in the Complaint.  In particular, Rico Marles may have suffered from some or all of the alleged ailments and/or injuries before any of the events in the Complaint occurred.  Defendant has a good faith belief that Rico Marles received his medical care since 2018 from private medical providers, not employees of Defendant, and Rico Marles's medical care in the private sector included mental health care and prescription of medications. When Rico Marles came to WPB VAMC in January 2021, he did not disclose any of the medications he had been prescribed by providers in the private sector.  Therefore, the events alleged in the Complaint did not cause Plaintiff's injuries.

**Fifth Affirmative Defense**

In the event that Defendant is found negligent, which negligence is expressly denied, Plaintiffs' recovery must be reduced by the amounts which have been paid or provided for the benefit of the Plaintiffs, or which are available to Plaintiffs, from collateral sources. *See* §

768.76, Fla. Stat. For example, any recovery by Plaintiffs must be reduced by the amounts which have been paid by the Department of Veterans Affairs to Plaintiff, Brenda Leigh Marles, relating to the death of Rico Marles. Additionally, any recovery by Plaintiffs for benefits paid by the Social Security Administration are subject to set-off.

### Sixth Affirmative Defense

In the event Defendant is found negligent, which negligence is expressly denied, Defendant is entitled to a set-off of all sums of money paid or payable by any party or non-party to this action by settlement or judgment or through an agreement entered into by the Plaintiffs. *See* § 46.015, Fla. Stat.; § 768.041, Fla. Stat.

### Seventh Affirmative Defense

Plaintiffs' claims for damages are barred or should be reduced based on the failure to mitigate their damages.

### Eighth Affirmative Defense

In the event Defendant is found negligent, which negligence is expressly denied, Plaintiffs' recovery should be reduced in proportion to any negligence attributable to Brenda Leigh Marles, pursuant to section 768.81, Florida Statutes.

### Ninth Affirmative Defense

Before filing a lawsuit against the United States under the FTCA, Plaintiffs must first exhaust administrative remedies. 28 U.S.C. § 2675(a). To the extent Plaintiff failed to exhaust administrative remedies, the Court lacks subject matter jurisdiction over Plaintiffs' claims. In the event Defendant is found negligent, which negligence is expressly denied, Plaintiffs' recovery is limited to the maximum amount claimed by Plaintiff in the Administrative Claim, i.e., $10,126,987.00. *See* 28 U.S.C. § 2675(b). Plaintiffs' Standard Form 95 is attached as Exhibit 2

(SF 95, section 12d, Plaintiff claimed $10,126,987.00). Plaintiff's damages are also limited in that she cannot recover pre-judgment interest. *See* 28 U.S.C. § 2516(a). Lastly, attorney's fees for services rendered to Plaintiffs in connection with this action shall not exceed "25 per centum of any judgment rendered pursuant to section 1346(b) ….". 28 U.S.C. § 2678.

### Tenth Affirmative Defense

Defendant is entitled to all of the statutory limitations imposed under Federal law and Florida law with respect to claims and damages, including but not limited to the periodic payment statute. § 768.78(1)(a)(2), Fla. Stat.

### Eleventh Affirmative Defense

Defendant asserts that the "reckless disregard" standard codified in section 768.13, Florida Statutes (also known as "Florida's Good Samaritan Act"), applies to Plaintiffs' claims for any allegations of negligence and/or any alleged breaches of the standard of care relating to Rico Marles's treatment at WPB VAMC.

### Twelfth Affirmative Defense

Defendant asserts that Rico Marles failed to follow medical instructions from the WPB VAMC on January 15, 2021 when he was discharged from the Emergency Department, as he failed to follow the discharge instructions to visit the walk-in mental health Unit 1C for a mental health evaluation. In the event Defendant is found negligent, which negligence is expressly denied, Plaintiffs' recovery should be reduced in proportion to any negligence attributable to Rico Marles's failure to follow medical instructions.

Defendant reserves the right to amend or supplement its defenses as it learns new facts through discovery or otherwise.

WHEREFORE, having fully answered all allegations in the Complaint, Defendant requests that Plaintiffs take nothing by this action, and that judgment be entered in favor of the Defendant, together with costs and any such other relief as the Court deems appropriate.

Dated:  August 28, 2023                    Respectfully submitted,

                                              **MARKENZY LAPOINTE**
                                              **UNITED STATES ATTORNEY**

By:  **Monica L. Haddad**
      MONICA L. HADDAD
      Assistant U.S. Attorney
      Florida Bar No. 99426
      Email: Monica.Haddad@usdoj.gov
      U.S. Attorney's Office
      Southern District of Florida
      500 S. Australian Avenue, Suite 400
      West Palm Beach, Florida 33401
      Telephone: (561) 209-1004
      Facsimile: (561) 820-8777

      MARY BETH RICKE
      Assistant U.S. Attorney
      Florida Bar No. 107213
      Email: Mary.Ricke@usdoj.gov
      U.S. Attorney's Office
      Southern District of Florida
      500 E. Broward Boulevard. Suite 700
      Ft. Lauderdale, Florida 33394
      Telephone: (954) 660-5137
      Facsimile: (954) 356-7336

      *Attorneys for Defendant, United States of America*