UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case. No. 9:23-CV-80911-CANNON

ESTATE OF RICO MARLES, by and
through Brenda Leigh Marles; BRENDA
LEIGH MARLES, individually,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS COUNT II
OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, the United States of America, by and through the undersigned Assistant United States Attorney, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves to dismiss Count II of the First Amended Complaint ("Amended Complaint"), [D.E. 9], for lack of subject matter jurisdiction, and states as follows:

### I.    INTRODUCTION AND BACKGROUND

Plaintiffs, Estate of Rico Marles by and through Brenda Leigh Marles (the "Estate") and Brenda Leigh Marles, in her individual capacity ("Brenda Marles") (collectively, "Plaintiffs"), filed suit against the United States following Rico Marles' death by suicide at his home. Plaintiffs claim medical negligence of providers at the West Palm Beach VA Medical Center ("VAMC") who treated Rico Marles on January 15, 2021, and January 18, 2021, in the emergency department for medical issues. As Plaintiffs have sued the federal government for this alleged medical negligence, Plaintiffs' lawsuit is brought pursuant to the Federal Torts Claim Act, 28 U.S.C. §

2671, *et al.*, ("FTCA"), and therefore Plaintiffs must comply with the requirements of the FTCA described below.

As required under the FTCA, prior to initiating this action, Plaintiffs, through counsel, submitted a Standard Form 95 "Claim for Damage, Injury, or Death" (the "SF-95") to the Department of Veterans Affairs (the "VA"), dated November 14, 2022.[1] *See* D.E. 18-2 at p.1; D.E. 34-1, Tr. of Pl. Dep. 9:20-10:17, Def. Ex. 1. On the SF-95, Plaintiffs listed $10,126,987 as the amount of the wrongful death claim and $10,126,987 as the total amount of the claim. *Id.* Notably, Plaintiffs elected not to enter any amount for a personal injury claim, but left that section of the SF-95 blank. *Id.* As the basis for their claim, Plaintiffs attached an eleven-page statement to the SF-95 detailing their wrongful death claim (the "Statement"). *See* D.E. 34-1, Tr. of Pl. Dep. 10:18-11-1, Def. Ex. 2. The Statement's introduction states that Plaintiffs bring "this wrongful death claim pursuant to the Federal Tort Claims Act and Florida's Wrongful Death statute. (28 C.F.R. §14.3, 28 U.S.C. §2674 and Fla. Stat §768.21 et. seq.)." *Id.* at p.2. It does not mention any other claims, causes of action, statutes, or legal theories.

Plaintiffs' Statement goes on to describe the events of Rico Marles' life, treatment, and death; events that took place after his death; and others' memories of Rico Marles. *Id.* at pp. 2-10. Then, the Statement contains a standalone section entitled, "Florida's Wrongful Death Statute and Recoverable Damages," which contains several paragraphs discussing that specific statute, quoting various statutory provisions within, and alleging facts and damages based on those provisions. *Id.* at pp. 10-11. However, while the Statement contains a detailed section regarding the wrongful death claim, it contains no other sections describing other claims, nor any references to other

---

[1] Pursuant to 28 U.S.C. § 2401(b), the deadline for Plaintiffs to submit an SF-95 for the allegations relating to Rico Marles's care at WPB VAMC in January 2021 was January 19, 2023.

causes of action or categories of damages. Thus, the VA was unaware of any claims beyond Plaintiffs' wrongful death claim and the VA was, therefore, unable to investigate any other claims during the administrative process.

Approximately seven months after Plaintiffs submitted the SF-95, the Statement and exhibits to the Statement to the VA, they filed this lawsuit. D.E. 1. Plaintiffs then filed their First Amended Complaint on June 20, 2023. D.E. 9. On August 15, 2023, the VA denied Plaintiffs' claim as Plaintiffs elected to file suit rather than wait for a decision from the agency. D.E. 18-3. Although Plaintiffs never included a personal injury claim or referenced a claim for negligent infliction of emotional distress ("NIED") in their submissions to the VA during the administrative process and entered no value for such a claim on their SF-95, the Amended Complaint asserts a claim for NIED on behalf of Brenda Marles, individually.

As explained below, because the FTCA requires Plaintiffs to exhaust all claims by providing written notice of each claim and a sum certain value of each claim, and because Plaintiffs failed to provide that notice and sum certain for the NIED claim, Plaintiffs failed to comply with the FTCA's exhaustion requirement and this Court lacks jurisdiction over the NIED claim. Therefore, Count II of the Amended Complaint must be dismissed under Rule 12(b)(1).

## II. LEGAL STANDARD

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit, and this may be raised at any time. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). Dismissal under Rule 12(b)(1) may be based on either a facial or a factual challenge to the complaint. *Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A facial attack on a complaint requires only that the court review the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction,

3

whereas a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of pleadings, and matters outside the pleadings." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence" relevant to its jurisdictional determination. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). This motion raises a factual attack on subject matter jurisdiction of Plaintiffs' Count II.

The district court is free to weigh the facts and is not constrained to view them in a light favorable to the plaintiff. *Id.* Moreover, "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts." *McElmurray*, 501 F.3d at 1251. Here, the Court may consider the Amended Complaint along with Plaintiffs' SF-95 and Statement, which are undisputed, in determining whether Plaintiffs exhausted the NIED claim.

### III. ARGUMENT

**A. This Court lacks subject matter jurisdiction over Mrs. Marles' claim for negligent infliction of emotional distress because she failed to exhaust administrative remedies for that claim.**

The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims. *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994). "It allows the government to be sued by certain parties under certain circumstances...." *Id.* However, only those claims presented initially to the appropriate administrative agency (in this case, the VA) are cognizable in a tort action against the United States under the FTCA. *See* 28 U.S.C. § 2675(a); *Davis v. Marsh*, 807 F.2d 908, 912 (11th Cir. 1987). The claims procedure under 28 U.S.C. § 2675(a) is

jurisdictional. *Martinez v. Minnis*, 257 F. App'x 261, 263 (11th Cir. 2007) ("As a prerequisite to bringing suit under the [Federal Tort Claims Act], a potential plaintiff must first present the claim to the appropriate Federal agency.") (citing 28 U.S.C. § 2675(a)). Section 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C.A. § 2675(a); *Orlando Helicopter Airways v. United States*, 75 F.3d 622, 624-25 (11th Cir. 1996). Thus, to satisfy § 2675, a claimant must (1) give the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) state a sum certain as to the value of the claim. *Id*. (citing *Free v. United States,* 885 F.2d 840, 842 (11th Cir. 1989)). If a plaintiff fails to comply with the notice requirements of § 2675(a), then the plaintiff fails to exhaust administrative remedies and the district court lacks jurisdiction and the claim must be dismissed. *Lebedinsky v. United States*, 20-21911-CIV, 2020 WL 6544638, at *6 (S.D. Fla. Nov. 6, 2020) (quoting *Martinez*, 257 F. App'x at 263).

In this case, Plaintiffs neither provided written notice of an NIED claim nor included a sum certain for such claim. The Amended Complaint asserts claims for wrongful death and NIED; however, Plaintiffs never once referenced an NIED claim—or any personal injury or other claim whatsoever—during the administrative process, and never provided any amount to value a personal injury claim. Therefore, Plaintiffs failed to comply with § 2675(a) and the Court lacks jurisdiction over the NIED claim.

1. <u>Plaintiffs failed to include a sum certain on the SF-95 for any alleged personal injury claims.</u>

Count II is subject to dismissal as Plaintiffs failed to include a sum certain on the SF-95 for "personal injury." "[I]t is well established that if a claimant does not specify a sum certain for personal injury, the fact that her SF 95 sets forth a sum certain for another claim, such as property damage, does not provide a district court with subject matter jurisdiction over a personal injury action." *Morrison v. United States*, No. 8:04-cv-358, 2005 WL 8160211, at *2 (M.D. Fla. June 13, 2005) (citing *Adkins v. United States*, 896 F.2d 1324, 1325-27 (11th Cir. 1990)). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). "A timely presented claim stating an actual dollar amount for personal injury is necessary for a court to have jurisdiction to entertain an FTCA suit for personal injury." *Id.* The SF-95 makes this requirement clear to claimants, as it explains in bold print, "**Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**" *See* D.E. 18-1 at p.2 (emphasis in original).

If a plaintiff enters an amount under one category of claims on the SF-95 but fails to enter an amount under "Personal Injury," the plaintiff fails to enter a sum certain for a personal injury claim. In *Morrison*, the plaintiff entered amounts in Items 12a (property damage) and 12c (wrongful death), but entered $0 in Item 12b (personal injury). *Morrison*, 2005 WL 8160211, at *1. After the claim was denied administratively, the plaintiff filed suit and attempted to assert a claim for her late husband's personal injury in addition to wrongful death and property damage. *Id.* However, the court determined the plaintiff failed to enter a sum certain for such a claim and,

therefore, failed to comply with § 2675(a)'s notice requirements. *Id.* at *2. Accordingly, the Court dismissed the plaintiff's personal injury claim for lack of subject matter jurisdiction. *Id.* at *3.

Other courts have held that when plaintiffs enter amounts for other claims, but leave the personal injury amount blank, the plaintiffs fail to specify the mandatory sum certain for their personal injury claims and the courts lacked jurisdiction. For example, in *Harris v. United States*, No. 18-cv-424, 2018 WL 5726212, at *1-2 (W.D. Mo. Nov. 1, 2018), the plaintiff listed $1,250,000 under "Wrongful Death" and under "Total," but left the SF-95's "Personal Injury" blank. The plaintiff then asserted a claim for lost chance of survival in addition to wrongful death. *Id.* The court explained that "[b]y leaving the 'Personal Injury' space blank, Plaintiff indicated that she was not pursuing a personal injury claim and that her sole claim against Defendant was for wrongful death." *Id.* at *2. The court concluded that the plaintiff failed to exhaust administrative remedies and dismissed the complaint for lack of jurisdiction. *Id.*; *see also Scally v. Veterans Admin.*, No. 03-cv-4208, 2005 WL 1498880 (S.D. Ill. June 23, 2005) (explaining that when plaintiff left the "Personal Injury" box blank on SF-95, her "failure to place a value on her claim for [the deceased's] pain, suffering, and injury constitute[d] a failure to properly present the claim to the VA."); *Fish v. United States*, No. 08-cv-919, 2009 WL 995468, at *3 (W.D. Pa. Apr. 13, 2009) (when plaintiff entered an amount under "Wrongful Death" on SF-95 but left "Personal Injury" blank, claim was inadequate and plaintiff failed to exhaust remedies for survival claim); *Estate of Sullivan, et al., v. United States*, 777 F. Supp. 695 (N.D. Ind. 1991) (dismissing plaintiff's NIED claim for lack of subject matter jurisdiction when the plaintiff only presented a claim for wrongful death to the VA during the administrative claim process and did not present a claim for NIED during the administrative claim process).

Like the above-mentioned cases, Plaintiffs entered a value ($10,126,987) under "Wrongful Death" and entered the same figure as the total amount of the claim, but entered nothing under "Personal Injury," leaving that space completely blank. *See* D.E. 18-1 at p.1. Thus, just as the plaintiffs in *Morrison*, *Harris*, *Scally*, *Fish, and Sullivan* failed to comply with § 2675(a), Plaintiffs here failed to provide a sum certain of Brenda Marles's alleged personal injury and, therefore, failed to provide the VA with adequate notice and facts necessary to investigate an NIED claim under § 2675(a). As a result, Brenda Marles failed to exhaust administrative remedies for the NIED claim and the Court should dismiss Count II for lack of jurisdiction.

2. <u>Plaintiffs failed to provide the VA with written notice that Brenda Marles was pursuing any claims other than wrongful death.</u>

Similarly fatal to Count II is Plaintiffs' failure to provide any written notice to the VA for the NIED claim found in Count II. "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple*, 460 F.3d at 1325 (emphasis in original). When a plaintiff alleges a claim or theory in her lawsuit that is separate and distinct from claims or theories asserted in the administrative claim, it amounts to a failure to exhaust administrative remedies, requiring dismissal. *See Dames v. United States*, No. 22-cv-80553, 2023 WL 3748478, at *3-4 (S.D. Fla. June 1, 2023) (Cannon, J.) (finding court lacked jurisdiction when plaintiff brought claims in court based on lack of informed consent, but failed to assert this theory on his SF-95 and during administrative claim process); *Mejia v. United States*, No. 6:09-cv-1348, 2011 WL 2456374, at *3 (M.D. Fla. Mar. 16, 2011) (administrative claim discussed injuries sustained during childbirth but nothing regarding pre-natal care, and court concluded plaintiff failed to exhaust claims relating to pre-natal care); *McElwaney v. United States*, No. 1:18-cv-1810, 2018 WL 11464787, at *3 (N.D. Ga. Nov. 19, 2018) (plaintiffs failed to exhaust

8

administrative remedies for loss of consortium claim when they had alleged separate personal injuries, and types of damages for each claim differed).

In Count II of the Amended Complaint, Brenda Marles asserts a claim for NIED on her own behalf and seeks damages for her personal injuries, loss of her earnings, and healthcare expenses. D.E. 9 at ¶¶ 58-68. However, in Plaintiffs' administrative claim, Brenda Marles never asserted any personal injury claims on her own behalf, never referenced NIED, and never submitted information that could indicate she intended to pursue those types of claims. *See* D.E. 34-1, Tr. of Pl. Dep. 9:20-10:17, Def. Exs. 1, 2. Plaintiffs' administrative claim solely discussed the wrongful death claim and makes no indication that Brenda Marles intended to pursue a personal injury claim for NIED. *See id*.

Wrongful death and NIED are separate and distinct causes of action, with different elements, theories, proof, and damages. Wrongful death is a statutory claim that authorizes a survivor to recover for the value of lost support and services, loss of companionship, medical and funeral expenses, and mental pain and suffering stemming from the death of the decedent, that the decedent would have been able to recover. *See* §§ 768.19, 768.21, Fla. Stat.; *Laizure v. Avante at Leesburg, Inc.*, 109 So. 3d 752, 760 (Fla. 2013) ("The right of the survivors to recover is predicated in the Act on the decedent's right to recover."). In contrast, NIED is personal to a plaintiff for her own physical injuries sustained in an impact. *See Elliott v. Elliott*, 58 So. 3d 878, 880 (Fla. 1st DCA 2011) ("Generally, in order to recover damages for emotional distress caused by the negligence of another in Florida, the plaintiff must show that the emotional distress flows from physical injuries sustained in an impact."). In other words, a wrongful death claim derives from injury to the decedent, with damages flowing from that injury, whereas an NIED claim arises from

9

the plaintiff's own injury and damages relating to that injury. Therefore, the elements to prove each claim differ, and the damages recoverable under each claim also differ.

In Plaintiffs' SF-95 and Statement, drafted and submitted by counsel after Brenda Marles had reviewed them (*see* D.E. 34-1, Tr. of Pl. Dep. 9:1-11;9:23-10:9), Plaintiffs make it abundantly clear that they are pursuing *only* a wrongful death claim. In her deposition, Plaintiff even confirmed the Statement was an accurate and complete description of her claim. *See id.* The language and structure of the Statement itself confirms this was the only claim. First, the Statement's introduction exclusively mentions wrongful death, stating that Brenda Marles "brings this wrongful death claim pursuant to the Federal Tort Claims Act and Florida's Wrongful Death statute. (28 C.F.R. §14.3, 28 U.S.C. § 2674 and §768.21, Fla. Stat. et. seq.)," with no mention of any other claim or cause of action. D.E. 34-1, Tr. of Pl. Dep. 9:20-10:17, Def. Ex. 2 at p.2. Second, the Statement contains an entire section under the heading, "Florida's Wrongful Death Statute and Recoverable Damages." *Id.* at 10-11. This section of the Statement quotes various provisions of Florida's Wrongful Death Statute, provides information designed to track the statutory language, and lists categories of damages attributable to a wrongful death claim. *Id.* Third, Plaintiffs make no mention of a physical injury to Brenda Marles; rather, the Statement discusses Brenda Marles' grief, therapy, and medical/psychological treatment only in the context of the wrongful death claim. *Id.* Fourth, at no point does the Statement discuss NIED, damages personal to Brenda Marles, or physical injuries she sustained. Finally, as explained above in Section 1, Brenda Marles attributed no value to her NIED claim and provided the VA with no opportunity to investigate any purported personal injuries to her during the administrative review process.

Because Plaintiffs failed to mention an NIED claim or provide any facts alerting the VA to a potential NIED claim—or any other claim[2]—Plaintiffs failed to provide the written notice required to present the claim to the VA.  Plaintiffs' administrative claim does not contain information that would enable the VA to investigate the NIED claim or evaluate its value as the FTCA requires.  *See Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983).  Accordingly, the Court must dismiss Count II with prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Count II of the Amended Complaint, [D.E. 9], must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiffs failed to present a sum certain for personal injury and identify Brenda Marles's purported claim for negligent infliction of emotional distress to the VA, and thus failed to exhaust their administrative remedies with respect to that claim.  Therefore, the Court lacks subject matter jurisdiction.

WHEREFORE, Defendant requests the Court dismiss with prejudice Count II pursuant to Rule 12(b)(1), and for any other such relief it deems just and proper.

---

[2] The same analysis applies to any additional claims Plaintiffs may attempt to bring in this case upon amendment or at trial. Plaintiffs made the decision, through counsel, to limit their administrative claim to wrongful death, and provided no notice to the VA of any other claims. Therefore, Plaintiffs exhausted their administrative remedies solely for a wrongful death claim, and the Court would lack subject matter jurisdiction over any other claims.

Date: February 13, 2024                              Respectfully submitted,

                                                        **MARKENZY LAPOINTE**
                                                        **UNITED STATES ATTORNEY**

By:    *Monica L. Haddad*
        MONICA L. HADDAD
        Assistant U.S. Attorney
        Florida Bar No. 99426
        Email: Monica.Haddad@usdoj.gov
        U.S. Attorney's Office
        Southern District of Florida
        500 S. Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        Telephone: (561) 209-1004
        Facsimile: (561) 820-8777
        MARY BETH RICKE
        Assistant U.S. Attorney
        Florida Bar No. 107213
        Email: Mary.Ricke@usdoj.gov
        U.S. Attorney's Office
        Southern District of Florida
        500 E. Broward Boulevard. Suite 700
        Ft. Lauderdale, Florida 33394
        Telephone: (954) 660-5749
        Facsimile: (954) 356-7336

        *Attorneys for Defendant, United States of America*