UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80911-CIV-CANNON

**BRENDA LEIGH MARLES**,
and **THE ESTATE OF RICO MARLES**,

    Plaintiffs,

v.

**UNITED STATES OF AMERICA**,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE TRIAL

**THIS MATTER** comes before the Court upon Defendant's Motion to Bifurcate Trial, filed on March 17, 2025 [ECF No. 91]. The Court has reviewed the Motion, Plaintiffs' Response [ECF No. 93], Defendant's Reply [ECF No. 94], the full record, and the applicable law. Following review, the Motion [ECF No. 91] is **DENIED**.

### BACKGROUND

Rico Marles died by suicide on January 19, 2021, at 29 years old [ECF No. 9 ¶ 2]. His death was the culmination of a multi-year mental health struggle, beginning when he was honorably discharged from the United States Marine Corps after serving two tours in Afghanistan [ECF No. 67 ¶ 48]. In the days leading up to his death, Mr. Marles twice visited the West Palm Beach Veterans Affairs Medical Center ("VAMC") to receive treatment—treatment that Plaintiffs, his widow and his mother, claim in the Complaint was negligent [ECF No. 9].

In June 2023, Plaintiff Brenda Marles, on behalf of herself and the Estate of her late husband, filed the operative two-count Complaint against the United States for (I) wrongful death under the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§ 2671–80, and Florida's Wrongful

Death Statute, Fla. Stat. § 768.21; and (II) negligent infliction of emotional distress under Florida common law [ECF No. 9]. In February 2024, Defendant moved to dismiss Plaintiffs' negligent infliction of emotional distress claim (Count II) for lack of exhaustion under the FTCA [ECF No. 33], which the Court granted [ECF No. 47]. *See* 28 U.S.C. § 2675(a) (requiring the claim to be first presented to the Veterans Administration before suit is brought). In March 2025, the Court denied Defendant's Motion for Summary Judgment [ECF No. 84]. A bench trial is forthcoming in 2025, subject to a forthcoming status conference and scheduling order. Defendant filed the instant Motion to Bifurcate, asking the Court to divide the bench trial into two phases—liability and damages—with the second phase proceeding only if the Court finds Defendant liable during the first phase [ECF No. 91].[1]

## LEGAL STANDARD

Bifurcation is governed by Federal Rule of Civil Procedure 42(b), which allows a court to "order a separate trial" "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). While "Fed. R. Civ. P. 42(b) confers broad discretion on the district court in this area," *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001), "clear[] substantial overlap in the issues, facts, evidence, and witnesses" counsels against bifurcation. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001). Ultimately, "the party seeking bifurcation bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008) (internal citations omitted).

---

[1] For the first time during the course of this litigation, Defendant makes the argument in its Reply that Plaintiff Brenda Marles is no longer a proper party to this action [ECF No. 94 p. 5]. Any challenge to the propriety of a party in this action must be raised via a properly filed written motion (or motion for leave, as applicable) in accordance with the Court's Orders, not in a footnote in a reply to a separate motion.

CASE NO. 23-80911-CIV-CANNON/Reinhart

**DISCUSSION**

Defendant argues that bifurcation of this trial into a liability phase followed by a potential damages phase is warranted under a cost- and time-saving rationale [ECF No. 91 p. 4; ECF No. 94 p. 4]. Defendant also submits that there is no overlapping evidence and no prejudice to Plaintiffs by bifurcating the trial [ECF No. 91 pp. 5–9; ECF No. 94 p. 5]. Plaintiffs strongly oppose bifurcation, arguing that at least four witnesses will testify during both phases and that bifurcation would generate "an incomplete and disjointed narrative" [ECF No. 93 (naming Brenda Marles, Dr. Elliott, Yvette Ford, and Jamison Ford as duplicative witnesses)].[2]

Upon a full review of the matter and the applicable factors under Rule 42(b), the Court determines that Defendant has not met its burden to establish that bifurcation is warranted under the circumstances. Even if the Court could achieve some level of greater efficiency from Defendant's proposed bifurcation, the Court is unconvinced that the evidence is as segregated as Defendant purports it to be, or that any resource savings from bifurcation is of the degree warranting a deviation from the normal course of a combined trial proceeding. Nor is it clear that any potential savings from bifurcation—much of which is premised on still-tentative and contested predictions of trial length and anticipated evidence—would not be reduced by countervailing inefficiencies to the Court and the parties caused by convening and preparing for a bench trial in this matter twice.[3] With respect to prejudice to the parties from bifurcation, Defendant has not

---

[2] Defendant's Reply takes aim at Plaintiff's failure to disclose Yvette Fort or Jamison Ford as liability witnesses in its Rule 26 initial disclosures [ECF No. 94 p. 3]. Motions to strike/exclude based on asserted discovery violations should be raised in accordance with the Court's forthcoming scheduling order.

[3] The parties greatly dispute the expected length of this trial. *See* [ECF No. 91 p. 2; ECF (Defendant estimating three weeks); ECF No. 93 p. 4 (Plaintiffs estimating ten days)].

3

met its burden to dispute Plaintiffs' position that bifurcation would cause at least some prejudice to the party bearing the ultimate burden of proof in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Bifurcate Trial [ECF No. 91] is **DENIED**.

2. Nothing in this Order should be construed as precluding any party from raising appropriate motions before or during trial, in accordance with the Federal Rules of Civil Procedure and the Court's Orders, or otherwise challenging duplicative and/or irrelevant evidence as governed by the Federal Rules of Evidence.

3. The parties shall engage in meaningful conferral prior to the upcoming status conference and be prepared to address in detail anticipated witnesses, concrete evidentiary disputes, and specific trial availability for the remainder of 2025.

4. Order setting additional deadlines/trial to follow, subsequent to the status conference.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 8th day of May 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record